HENRY COUNTY, *Appellant*, v. ST. CLAIR COUNTY.

**Criminal Costs.** A county which has incurred expense in the investigation of a felony certified from another county, as provided by Revised Statutes 1879, section 1804, and in the arrest and imprisonment of the perpetrators thereof, cannot recover of the county from which the offense was certified such costs so incurred, said section 1804 having been declared unconstitutional.

*Appeal from St. Clair Circuit Court.*

AFFIRMED.

*F. P. Wright* and *R. E. Lewis* for appellant.

The third assignment of the demurrer, that the account is not sufficiently explicit, is not an objection well taken by demurrer. The defendant should, by motion, have pointed out wherein the account is not sufficiently definite and certain. R. S. 1879, § 3529; *State ex rel. v. Sherman*, 42 Mo. 210; Bliss on Code Plead., § 425. There is a positive averment that a change of venue was taken from St. Clair to Henry county. In averring the authority of the judge to order the change of venue " under and by

virtue of the laws of the State of Missouri," is sufficiently definite. *Richards v. Edick*, 17 Barb. 260. If not, it should have been made so on motion by defendant, under the section and decision above quoted. *Clay v. Edgerton*, 19 Ohio 553. It was sufficient to allege that the act was done by authority of the statute. R. S. 1879, § 3529. If St. Clair county desired to evade the payment of the costs, it should have contested the validity of the removal of the case by denial and traverse, instead of demurrer. Stephen on Plead., 191. If a statement in a petition includes a matter or inference of law, it is traversable, and the objection in that respect should be taken by answer. Stephen on Plead., § 192; Bliss on Plead., § 213. The averments of the petition were sufficient. *Kellogg v. Union Co.*, 12 Conn. 6; *Emory v. Fell*, 2 Dumford & East bottom p. 28; *Allen v. Patterson*, 3 Selden 476.

*A. E. Ross* for respondent.

The grand jury of Henry county had no right to make an examination into this offense, and money expended by her in such examination was illegally expended, and is not chargeable to St. Clair county. *Ex parte Slater*, 72 Mo. 102. The petition fails to state that any fee-bill of such investigation was ever made out and signed by the judge of the circuit court and prosecuting attorney of Henry county. R. S. 1879, § 2108. If any one was liable for the costs in this investigation, it was the State of Missouri. R. S. 1879, § 2095.

EWING, C.—The plaintiff sued the defendant in St. Clair county, on the following petition: Plaintiff states that she is a municipal corporation, created by, and existing under the laws of the State of Missouri; that the defendant, the county of St. Clair, is a municipal corporation existing under the laws of the State of Missouri; that heretofore, to-wit: On the ——day of ——, 1880, there was pending in the circuit court, and before the grand jury and

judge of the circuit court of the county of St. Clair, an investigation against one Jackson G. Barker and others, charged with the crime of murder, committed within the limits of the county of St. Clair; that the Hon. John D. Parkinson, the then acting judge of the circuit court of the twenty-fifth judicial district of Missouri, within the limits, and a part of which is the county of St. Clair, under and by virtue of the laws of the State of Missouri, certified the said cause for further examination to the county of Henry; that the grand jury of said county of Henry, investigated the said charge against the said Jackson G. Barker and others, and returned true bills of indictment against them, charging them with the said crime of murder, and capias writs were issued against the said Jackson G. Barker, Isam Baily, Ephraim Baily, Cal. Hartly, W. D. Harryman, Decatur Grimes, and Hiram Curry, who were arrested thereon; that plaintiff expended for and on behalf of defendant in the investigation, arrest and imprisonment of the said persons, so indicted as aforesaid, the sum of $301.95, an itemized account of which is herewith filed. That said Jackson G. Barker and others were, by the judge of the circuit court of the twenty-second judicial circuit, discharged from said arrest on a hearing of a petition of *habeas corpus*, and all prosecutions of said indictment ceased and ended; that plaintiff has often requested defendant to repay said sum of money, so expended by plaintiff for, and on behalf of defendant, but defendant refused and failed to pay the same, whereupon plaintiff prays judgment for the said sum of $301.95, and for costs.

The defendant. at the return term, demurred to the petition, assigning as grounds: 1st. Because the petition does not state facts sufficient to constitute a cause of action. 2nd. Because the plaintiff was not legally bound to pay the amount named in the petition, or any other sum of money for defendant. 3rd. Because plaintiff's account is not sufficiently explicit to inform defendant of the account sued on. 4th. Because the petition fails to show any liabilities

on the part of plaintiff or defendant for the money paid by plaintiff at the time of bringing this action.

The circuit court sustained this demurrer, and we think, very properly. Revised Statutes, 1879, section 2112, is the only statute which provides under what circumstances a county shall pay the costs for a case in which a crime is alleged to have been committed, and where the trial of the alleged criminal is had in some other county. This case was not sent to Henry county by change of venue, by authority of said section 2112, but evidently by virtue of section 1804, which had been held by this court to be void. St. Clair county could only be held liable in the case presented by virtue of some statute; and there being none, the plaintiff stated no case in the petition.

The judgment must be affirmed. All concur.

81 75
31a 281
31a 282

